UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

BRENDAN HOLFORD

                                         Plaintiff,

-against-

THE CITY OF NEW YORK, UNDERCOVER OFFICER
2985, UNDERCOVER OFFICER 2521, DET.
CHRISTOPHER RODRIGO (7729), SGT. SEAN
O'BRIEN (2366), DET. ANDREW DUGUID (568), DET.
CLAUDANGEL BEAUDOUIN (1189), DET. CARLOS
THOMAS (6541), DET. CHRISTOPHER SCHILLING
(6516).

                                           Defendants.

------------------------------------------------------------------ x

**ECF CASE**

**AMENDED VERIFIED COMPLAINT**

10 CV 3529(ILG)(CLP)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York. The case arises from a January 28, 2008 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, an illegal strip and anal cavity search, malicious prosecution, assault, battery, negligence and fabricated evidence.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of assault and battery. With respect to this state law claim, a notice of claim was duly filed on the City of New York within 90 days of the incident in question, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The New York City Police department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

8. Undercover Officer 2985 ("Officer 2985"), Undercover Officer 2521 ("Officer 2521"), Detective Christopher Rodrigo, Sergeant Sean O'Brien, Detective Andrew

Duguid, Detective Claudangel Beaudouin, Detective Christopher Schilling, and Detective Carlos Thomas are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest. Officer 2985, Officer 2521, Det. Rodrigo, Sgt. O'Brien, Det. Duguid, Det. Beaudouin, Det. Christopher Schilling, and Det. Carlos Thomas are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers and subordinates and are sued in their individual and official capacity.

## STATEMENT OF FACTS

9. On January 28, 2008, at approximately 7:15 p.m., in the vicinity of Nostrand Avenue and Halsey Street, Brooklyn, Detective Rodrigo, Sergeant O'Brien, Detective Duguid, Detective Beaudouin, Detective Schilling, and Detective Thomas arrested plaintiff without cause and charged him with sale and possession of a controlled substance, based upon false identifications by Officer 2985 and Officer 2521.

10. Subsequent to his arrest, Detective Rodrigo, Sergeant O'Brien, Detective Duguid, Detective Beaudouin, Detective Schilling, and Detective Thomas subjected plaintiff to excessive force by handcuffing plaintiff unreasonably tight causing marks on plaintiff's wrists and interfering with plaintiff's circulation.

11. After being placed under arrest, plaintiff was placed in a police van and eventually taken to the 79th Precinct.

12. At the precinct, Detective Rodrigo, Sergeant O'Brien, Detective Duguid, Detective Beaudouin, Detective Schilling, and/or Detective Thomas attacked, searched, assaulted, strip searched and forced plaintiff to remove all his clothing, including his underpants, and then squat and be subjected to an anal cavity inspection while handcuffed to a jail cell.

13. Plaintiff was later taken to Central Booking for further arrest processing and to await arraignment.

14. During this period, an officer or officers met with an Assistant District Attorney and misrepresented that plaintiff had sold and possessed drugs.

15. The District Attorney' Office, based solely on the officers' false statements, filed charges against plaintiff.

16. As a result of the aforesaid misrepresentation, felony charges were filed against plaintiff.

17. At approximately 8:00 P.M. on January 29, 2008, plaintiff was arraigned in Criminal Court, Kings County, at which time the Court, upon the request of the District Attorney, based solely on the Officers' false statements, set bail and plaintiff was transferred into the custody of the New York City Department of Corrections.

18. On or about February 1, 2008, at approximately 7:00 p.m, plaintiff was released by the Department of Corrections based upon the District Attorney's failure to indict him pursuant to the provisions of C.P.L. § 180.80.

19. Plaintiff was nevertheless thereafter forced to defend himself against these baseless allegations and return to court approximately ten (10) more times, during which time plaintiff was indicted for this arrest under indictment number 1017/2008 in violation of plaintiff's rights pursuant to CPL § 190.50.

20. In obtaining an indictment, the District Attorney relied upon the false and perjurious testimony of Detective Rodrigo, Officer 2985 and Officer 2521 in the Grand Jury, as well as the false statements of Sergeant O'Brien, Detective Duguid, Detective Beaudouin, Detective Schilling, and Detective Thomas.

21. On March 4, 2009, upon re-presenting, in accordance with plaintiff's rights pursuant to CPL § 190.50, the allegations against plaintiff which resulted in his arrest, the Grand Jury of Kings County voted to dismiss all charges against plaintiff under grand jury number 2048/2009.

22. On March 10, 2009, Plaintiff appeared in New York State Supreme Court, Kings County, and all charges against him under indictment number 1017/2008 were dismissed on motion by the District Attorney and sealed by the Court.

23. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his wrists, torso and arm, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, loss of income and employment, and damage to reputation.

**FEDERAL AND STATE LAW CLAIMS AGAINST OFFICER 2985, OFFICER 2521, DETECTIVE RODRIGO, SERGEANT O'BRIEN, DETECTIVE DUGUID, DETECTIVE BEAUDOUIN, DETECTIVE SCHILLING, & DETECTIVE THOMAS**

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25. The conduct of the Officers as described herein, amounted to false arrest, excessive force, an illegal strip and anal cavity search, fabricated evidence, and malicious prosecution. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

## FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

26. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27. The City of New York directly caused the constitutional violations suffered by plaintiff.

28. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, NYPD and the Civilian Complaint Review Board and from the NYPD and City's own observations, that its police officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.

29. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

30. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

31. Moreover, because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the assault and battery of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: January 25, 2011
New York, New York

LAW OFFICES OF MICHAEL V. CIBELLA, LLC
On behalf of BRENDAN HOLFORD
Attorneys for Plaintiff
546 Fifth Avenue
New York, New York 10036
(212) 818-1880

_____
MICHAEL V. CIBELLA (MC-8658)

# VERIFICATION

STATE OF NEW YORK )
                               ) ss:
COUNTY OF NEW YORK )

MICHAEL V. CIBELLA, ESQ., being duly sworn, deposes and says:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of New York and a member of the LAW OFFICES OF MICHAEL V. CIBELLA, LLC, attorneys for plaintiff BRENDAN HOLFORD.

2. I have read the annexed Verified Complaint, know the contents thereof to be true to my knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true based upon my personal knowledge and my review of the files maintained by my office.

3. The reason this Verification is being made by me is that plaintiff does not reside in the county where my office is located.

_____
Michael V. Cibella, Esq.

Sworn to before me this 25th day of January, 2011

_____
Notary Public

JOSEPH A. BARAITA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BA5028222
Qualified in New York County
My Commission Expires ~~May 23, 2010~~
July 14, 2014